**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

**DENISE CRAWFORD,**

     **Plaintiff,**

**v.**

**CITY OF TALLAHASSEE,**
**LEIGH ANNE FRECHETTE,**
**Individually, and ROBERT**
**McGARRAH, Individually,**

     **Defendants.**

_____/

**Case No.   4:18-cv-118____**
On removal from the Circuit Court of the
Second Judicial Circuit, In and for Leon
County, Florida, Case No. 2017-CA-2443

## <u>DEFENDANTS' NOTICE OF REMOVAL</u>

The Defendants, CITY OF TALLAHASSEE LEIGH ANNE FRECHETTE, individually, and ROBERT McGARRAH, individually, pursuant to 28 U.S.C. §§ 1441, <u>et seq</u>, and 1446, and Local Rules 3.1(B) and 7.2 of the United States Court for the Northern District of Florida, hereby give notice of the removal of an action pending in the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida, and in support of the removal, state the following:

1. Defendants desire to exercise their right under the provisions of Title 28 U.S.C. § 1441, <u>et seq</u>., to remove this action from the Circuit Court of the Second Judicial Circuit in and for Leon County, Florida, where it is now pending under the name and style of *Denise Crawford v. City of Tallahassee, Leigh Anne*

*Frechette, individually, and Robert McGarrah, individually, Case No. 2017-CA-2443* (hereinafter referred to as the Circuit Court Action). The Circuit Court Action is of a civil nature over which the United States district courts have been given original jurisdiction and which may be promptly removed. See 28 U.S.C. §§ 1331, 1343 and 1441. Specifically, Plaintiff's claims damages under Florida Statutes, Chapter 112.3187, and federal claims under 42 U.S.C. § 1983. See Exhibit A, Plaintiff's Complaint at ¶¶ 1, 49-77.

2.     Under the provisions of 28 U.S.C. § 1441, et seq., Defendants have the right to remove this cause from the Circuit Court Action to the United States District Court for the Northern District of Florida, Tallahassee Division, the district and division in which the action is currently pending.

3.     Defendants filed an Acceptance of Service of Plaintiff's Complaint on February 23, 2018. In accordance with the requirements of 28 U.S.C. § 1446, this petition for removal is filed within 30 days after acceptance of the initial pleading by the Defendants.

4.     Pursuant to 28 U.S.C. § 1446(a), Defendants have filed with this Notice of Removal, true and legible copies of Plaintiff's Complaint and all process, pleadings or orders on file in the state court as of the date of this Notice of Removal, including copies of the following documents served upon it or which have been filed in the Circuit Court Action:

(a)    Plaintiff's Complaint is attached hereto as <u>Exhibit A</u>.

(b)    The Acceptance of Service is attached hereto as <u>Exhibit B</u>.

(c)    Notice of Appearance on behalf of the Defendants by Henry Buchanan, P.A., served on February 23, 2018, is attached hereto as <u>Exhibit C</u>.

5.    As set forth herein, the Defendants desire and are entitled to have this cause removed from the Circuit Court of the Second Judicial Circuit in and for Leon County, Florida, such being the district where suit is currently pending, to the United States District Court for the Northern District of Florida, Tallahassee Division.

6.    Written notice of the filing of this petition will be given to the adverse parties as required by law.

7.    A true copy of this petition will also be filed with the Clerk of the Circuit Court of the Second Judicial Circuit in and for Leon County, Florida, as required by law.

8.    All defendants consent to this removal.

WHEREFORE, Defendants, City Of Tallahassee, Leigh Anne Frechette, and Robert McGarrah pray that this action be removed to this Court and that this Court accept jurisdiction and, henceforth, that this action be placed on the docket of this Court for further proceedings, the same as though this action had been originally instituted in this Court.

Dated this 1st day of March 2018.

HENRY BUCHANAN, P.A.


*s/ Joseph V. Gardner*
J. STEVEN CARTER
Florida Bar No. 896152
scarter@henryblaw.com
MIRIAM R. COLES
Florida Bar No. 58402
mcoles@henryblaw.com
JOSEPH V. GARDNER
Florida Bar No. 111987
jgardner@henryblaw.com
EDWIN R. HUDSON
Florida Bar No. 355798
ehudson@henryblaw.com
Post Office Drawer 14079
Tallahassee, Florida 32317-4079
(850) 222-2920: Telephone
(850) 224-0034: Facsimile
*Counsel for Defendants:*
*City of Tallahassee, Leigh Anne Frechette*,
and *Robert McGarrah*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed via the CM/ECF system and furnished via U.S. Mail to the following on this 1st day of March 2018.

Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
310 East Bradford Road
Tallahassee, Florida 32303
Telephone:  (850) 383-4800
Facsimile:   (850) 383-480 I
marie@mattoxlaw.com

Patrick R. Frank [FBN 0642770]
Keisha D. Rice [FBN 13888]
FRANK & RICE, P.A.
325 West Park Avenue
Tallahassee, Florida 32301
Telephone: (850) 629-4168
Facsimile: (850) 629-4184
lawatf@aol.com

*s/ Joseph V. Gardner*
ATTORNEY

# Exhibit A

**to**
**DEFENDANT'S NOTICE OF REMOVAL**

# Plaintiff's Complaint

DENISE CRAWFORD v. CITY OF TALLAHASSEE, LEIGH ANNE FRECHETTE, Individually, and ROBERT McGARRAH, Individually,

USDC CASE NO:   4:18-cv-118 _____

**IN THE CIRCUIT COURT OF THE**
**SECOND JUDICIAL CIRCUIT, IN AND**
**FOR LEON COUNTY, FLORIDA**

**DENISE CRAWFORD,**

      **Plaintiff,**

**vs.**                                 **CASE NO: 17-CA-**
                                               2017 CA 002443

**CITY OF TALLAHASSEE,**
**LEIGH ANNE FRECHETTE,**
**Individually, and ROBERT**
**McGARRAH, Individually,**

      **Defendants.**

      _____/

**COMPLAINT**

Plaintiff, **DENISE CRAWFORD**, by and through her undersigned counsel, hereby sues the City of Tallahassee, Leigh Anne Frechette, Individually, and Robert McGarrah, Individually, and would further allege as follows:

**JURISDICTIONAL ALLEGATIONS:**

1.  This is an action for damages in excess of Fifteen-Thousand ($15,000.00) Dollars, exclusive of attorney's fees and costs, brought under the First Amendment to the United States Constitution, through 42 U.S.C. §1983, and also pursuant to Florida's Public Employee Whistleblower Act (codified as the *Florida Statutes, Chapter 112.3175, et.seq.*).[1]

2.  At all times material to the instant Complaint, the Plaintiff, Denise Crawford (hereinafter to be referred to as "Plaintiff" or "Ms. Crawford"), was an employee of the Defendant, the City of Tallahassee.  Accordingly, Plaintiff is *sui juris*.

---

[1]      Plaintiff has jointly filed an administrative complaint with the Florida Commission on Human Relations ("FCHR") and the Equal Employment Opportunity Commission ("EEOC"), predicated upon age discrimination and retaliation pursuant to the Florida Civil Rights Act of 1992 (codified as the *Florida Statutes, Chapter 760, et.seq.*), which remains currently pending and anticipates amending her Complaint to include such age discrimination claims, as appropriate, as such claims ripen pursuant to the exhaustion of administrative remedies.

3. At all times material to the instant Complaint, the Defendant, the City of Tallahassee, (hereinafter referred to as the "Defendant" or the "City"), has been a political subdivision of the State of Florida and a municipal entity existing and/or operating in Leon County, Florida. Accordingly, the Defendant, the City of Tallahassee, is *sui juris*.

4. At all times material to the instant Complaint, the Defendant, Leigh Anne Frechette (hereinafter to be referred to as "Ms. Frechette"), was an employee and/or supervisor for the Defendant, the City of Tallahassee. Accordingly, the Defendant, Ms. Frechette, is *sui juris*.

5. At all times material to the instant Complaint, the Defendant, Robert McGarrah (hereinafter to be referred to as "Mr. McGarrah"), was an employee and/or supervisor for the Defendant, the City of Tallahassee. Accordingly, the Defendant, Mr. McGarrah, is *sui juris*.

6. All conditions precedent to the initiation and/or maintenance of the instant lawsuit have been satisfied and/or, otherwise, waived by the enumerated Defendants.

**GENERAL ALLEGATIONS:**

7. The Plaintiff was hired by the Defendant, City of Tallahassee, in 1994 working in various areas over the years including Growth Management and, more notably, in the capacity of Warehouse Manager for the City's Electric Department.

8. In or about the Summer of 2016, Plaintiff was employed as an Administrative Specialist III overseeing the warehouse which housed electrical supplies for the City's utility department.

9. During the Summer of 2016, Plaintiff came under the immediate and/or direct supervision of Ms. Frechette.

10. It was during the foregoing timeframe that there was an incident in which one (1) of the Defendant's utility crews reported to the Plaintiff that one (1) of the employees of the Electric Department had been under the influence of alcohol while on duty.

2

11. As a result of the allegation, Ms. Crawford, took it upon herself to review the video surveillance footage of the warehouse on the day when the employee in question was alleged to be intoxicated during work hours.

12. While reviewing the footage, Plaintiff was unable to determine, based on the footage that was available, whether or not the subject employee was, in fact, actually under the influence of alcohol.

13. Thereafter, the Plaintiff's supervisor, the Defendant, Ms. Frechette, took it upon herself to self-initiate an inquiry among the electric warehouse personnel as to each employee's respective understanding with regard to the Defendant's policy pertaining to the use/ingestion of alcohol coinciding with work hours.

14. In connection with the above-chronicled "inquiry", Ms. Frechette—apparently—concluded that the warehouse employees did not present a consistent understanding of the Defendant's alcohol policy.[2]

15. Accordingly, in a suggested attempt to refine the warehouse employees' collective understanding as to the Defendant's alcohol policy, Plaintiff soon found herself on the proverbial "receiving end" of disciplinary action *vis a vis* the proffer of a Performance Improvement Plan ("PIP") issued by the Defendant, Ms. Frechette, to the Plaintiff in or about July of 2016.

16. As of the date of the issuance of said Performance Improvement Plan, the Plaintiff, Ms. Crawford, had performed her employment duties with the Defendant without incident or disciplinary action from 1994 until the Summer of 2016.

17. Despite the questionable nature of the Performance Improvement Plan which required Plaintiff to attend various remedial seminars and/or policy sessions deriving from the warehouse staff's alleged confusion as it related to the Defendant's alcohol policy, Ms. Crawford,

---

[2] It was not and—indeed—remains unclear today what purported confusion or inconsistencies allegedly presented pursuant to Ms. Frechette's inquiry. The Defendant's alcohol policy can be rather pithily summarized with the clear and unequivocal admonition that <u>employees are not allowed to drink during work hours</u>.

dutifully performed all of the requirements of the same and, ultimately, was successful in bringing the matter to a conclusion in or about October of 2016.

18. In or about the first week of February, 2017, it came to light during a management meeting that there had been several recent incidents of—what the Defendant has referred to as—"Near Miss" scenarios.

19. In essence, the Defendant utilizes the term "Near Miss" to describe events in which mistakes were made on the Defendant's premises which could have led to significant bodily injury and/or property damage.

20. More specifically, the term "Near Miss" is the name the Defendant attaches to a so-called "no fault" program designed to allow for employees of the Defendant to report known safety violations anonymously—or otherwise—with the core rationale for the same being to encourage transparency of communication for all employees without the fear of adverse action or reprisal.

21. The supposed "Near Miss" incidents that were revealed at the beginning of February of 2017 dealt predominantly with scenarios in which lit cigarettes were improvidently discarded in open bins increasing the risk of potential widespread fires and damage to the Defendant's electrical facilities.

22. One (1) of the incidents in question occurred at the warehouse where Plaintiff worked, due to a colleague, Ms. Kim Jenkins (hereinafter to be referred to as "Ms. Jenkins") placing the aforementioned cigarette into an open bin without extinguishing the same.

23. In tandem with the warehouse "Near Miss" incident, there was a similar "Near Miss" incident involving a potential fire hazard which took place at the Defendant's control center within the same timeframe.

24. Plaintiff dutifully reported the "Near Miss" cigarette incident at the warehouse and,

4

almost immediately thereafter, was disciplined via a one (1) day unpaid suspension on or about February 10, 2017.

25. Within the context of the events attendant to the Plaintiff's suspension, it is abundantly worthy of note that, while the Plaintiff, Ms. Crawford, actually reported the "Near Miss" incident of which she was aware, not one (1) of the individuals involved with and/or aware of the "Near Miss" incident at the control center were disciplined in any manner whatsoever.

26. Further, Ms. Jenkins, the person who actually caused the "Near Miss" incident giving rise to the Plaintiff's suspension, received no adverse employment actions either.

27. Although the proffered rationale for the Plaintiff's suspension was that she failed to report the "Near Miss" incident, this was plainly untrue.

28. Due to the inexplicable application of disciplinary action to the Plaintiff for an alleged violation of a policy which never, in fact, occurred, Plaintiff drafted a written grievance to the Ms. Frechette, as well as Mr. Robert McGarrah (hereinafter to be referred to as "Mr. McGarrah"), the head of the Defendant's utility department.

29. In the written grievance, Ms. Crawford outlined the reasons why she objected to the discipline that had been leveled against her, as well as why she believed that the alleged policy violations against her were not offered in good faith. The Plaintiff also expressed her concerns that the enumerated Defendants, Ms. Frechette and Mr. McGarrah, failed to abide by the Defendant's established policies in meting out discipline improperly and, by way of addition in this instance, on a selective basis.

30. The grievance was conveyed via electronic mail to the Defendants, Mr. McGarrah and Ms. Frechette, respectively, on or about February 14, 2017.

31. After having sent the written grievance via electronic mail to Mr. McGarrah and Ms. Frechette, on or about February 16, 2017 (a mere two (2) days thereafter), the

5

Plaintiff received written notification that she was being demoted from Administrative Specialist III to Administrative Specialist II.

32.  Said demotion entailed a significant reduction in pay, as well as Plaintiff being stripped of supervisory responsibilities at the warehouse.  Moreover, following the demotion, a younger employee, Mr. Larry Goracke (hereinafter to be referred to as "Mr. Goracke"), was brought in to assume all of the Plaintiff's previous responsibilities.

33.  In essence, other than training, what she would later discover to be, her ultimate replacement, Ms. Crawford had virtually no other duties and/or responsibilities.

34.  During the Spring of 2017, one (1) of the Plaintiff's co-workers in the warehouse—a Mr. Mike Bradham (hereinafter to be referred to as "Mr. Bradham"), filed an employment complaint against the Defendant's management, claiming that he was being discriminated against based on his race.[3]

35.  Attendant to Mr. Bradham's racial discrimination complaint, Plaintiff was summoned to City Hall to participate in the investigation of Mr. Bradham's complaint as an eyewitness.

36.  In speaking with Ms. Kathleen Wright during the investigation, Plaintiff. in no uncertain terms, shared her personal experiences and/or opinions with the Defendant's representatives stating, in pertinent part, her support for the contention that Mr. Bradham was, in fact, being discriminated against, as well as her contention that the practice of discrimination was rampant and/or commonplace with the Defendant unless one (1) enjoyed the benefit of being a white male.

37.  Shortly thereafter, on or about July 20, 2017, the Plaintiff, Ms. Crawford, received a visit from the Defendant's Human Resources Department representative, Ms. Jennifer Hill, who informed Ms. Crawford that she was being laid off.

_____

[3] Mr. Bradham is an African-American employee of the Defendant working in the electrical warehouse.

38. Ms. Crawford, routinely opposed, refused to participate in, and reported illegal activities advanced by the Defendant's agents/representatives which were known to inevitably result in a detrimental impact on the Defendant's constituency *vis a vis* governmental waste, undue expenditure of resources, and fraud.

39. As a direct and/or proximate result of the Plaintiff's refusal to be party to and/or complicit with the Defendant's illegal activities, and/or participation in investigations, the Plaintiff, Ms. Crawford, was terminated from the employ of the Defendant under the convenient and thinly-veiled pretext of an administrative layoff.

40. As a direct and/or proximate result of said termination, the Plaintiff has sustained damages. Said injuries are continuing and will not abate in the future.

41. Plaintiff has retained the undersigned counsel(s) to represent her interests in this cause and is obligated to pay a fee for these services. Defendants should be made to pay said fee, along with costs incurred in connection with this action, under applicable law.

**COUNT I-PUBLIC EMPLOYEE WHISTLEBLOWER RETALIATION**
**(codified as the *Florida Statutes, Chapter 112.3187, et.seq.*)**
**(Claim against the City of Tallahassee)**

42. Plaintiff realleges and incorporates by reference Paragraphs 1-41, as if set forth in their entirety herein.

*43*. This Count sets forth a claim on behalf of the Plaintiff against Defendant, the City of Tallahassee, pursuant to the *Florida Statutes, Chapter 112.3187, et.seq.*

44. As stated more specifically herein in part above, the Plaintiff reported and disclosed, verbally and in writing, violations of law, rules or regulations, as well as gross mismanagement, malfeasance, misfeasance, gross waste of public funds and/or gross neglect of duty committed by one (1) or more employees, agents or independent contractors of the Defendant to persons both inside and outside of her normal chain-of- command, and to others having the authority to

7

investigate, police, manage and, otherwise, remedy the violations that she reported.  She reported that the Defendant, the City of Tallahassee, was acting in derogation of its "Near Miss" policy by filing a grievance and reported to management during an investigation that Mr. Bradham was being illegally discriminated against while in the employ of the same.

45.  After reporting these matters, opposing illegal activities, and/or participating in inquiries, investigations, hearings, or other agency inquiries, as related in part above, Plaintiff became the unwitting victim of retaliatory actions, as set forth in part above and she was demoted and fired.

46.  Plaintiff's adverse treatment, including her termination, was a direct and/or proximate adverse result of her reporting/opposing violations of laws, rules or regulations, of her reporting malfeasance, misfeasance or gross misconduct, and/or of her participating in investigations, hearings or other inquiries, as chronicled in part above.

47.  The actions of all of the employees and/or agents of the Defendant, the City of Tallahassee, who affected the Plaintiff's relationship with the Defendant adversely did so at least in part in retaliation against her for her "whistleblowing" activities.

48.  As a direct and/or proximate result of the actions taken against her by Defendant, City of Tallahassee, Plaintiff has suffered injury, including, but not limited to, past and future wage losses, and other tangible and intangible damages. These damages have occurred in the past, are occurring at present, and will likely continue on into the future.

## COUNT II-FIRST AMENDMENT RETALIATION
### (Claim against Leah Anne Frechette &
### Robert McGarrah)

49.  Plaintiff realleges and incorporates by reference Paragraphs 1-41 as if set forth in their entirety herein.

50.  This count sets forth claims on behalf of the Plaintiff, Ms. Crawford, against the

Defendant, Leah Anne Frechette, and the Defendant, Robert McGarrah, predicated upon First Amendment retaliation, and is brought through 42 U.S.C. §1983. This count is pled in the alternative.

51. The Defendants, Leah Anne Frechette and Robert McGarrah, operated to violate the Plaintiff's, Ms. Crawford's, rights under the First Amendment. These violations were of a type and character as to which any reasonable person would be aware. The Plaintiff's rights to freedoms of speech and expression were violated. The Plaintiff, Ms. Crawford, has the right to engage in First Amendment activities without the fear of reprisal.

52. The enumerated Plaintiff as set forth in part above, engaged in constitutionally-protected activity by speaking on matters of public concern including, but not limited to, her participation in inquiries and investigations into discriminatory practices within the City and speaking out on safety matters that are of public concern to the citizens of the Defendant, the City of Tallahassee.

53. After engaging in protected activity as related in part above, the Plaintiff was the victim of retaliatory actions as set forth in part above. The Defendants, Ms. Frechette and Mr. McGarrah, infringed on the Plaintiff's constitutionally-protected interests under the First Amendment, as set forth in part above. The Defendant's, Ms. Frechette's and Mr. McGarrah's, actions, as set forth in part above, were the types of retaliatory conduct that would deter a person of ordinary sensibilities from exercising his or her First Amendment rights. The Plaintiff's protected activity was a substantial or motivating factor in the adverse actions taken against her.

54. The conduct of the Defendants, Ms. Frechette and Mr. McGarrah, was in callous and willful disregard of the Plaintiff's, Ms. Crawford's, constitutional rights, thereby authorizing an award of punitive damages against them.

55. The Defendants, Ms. Frechette and Mr. McGarrah, are persons under the laws

9

applicable to this action.  The Defendants, Ms. Frechette and Mr. McGarrah, are liable, jointly and severally, with the Defendant, the City of Tallahassee, for their actions, individually and in concert, which violated the civil rights of the Plaintiff, Ms. Crawford, under the First Amendment.

56.  The Defendants, Ms. Frechette and Mr. McGarrah, personally participated in the adverse actions against the Plaintiff, Ms. Crawford, in violation of her First Amendment rights set forth above.

57.  The Defendants, Ms. Frechette and Mr. McGarrah, were main participants, policymakers, and/or made decisions to act adversely to the Plaintiff in her relationship with the Defendant, the City of Tallahassee, after she engaged in protected First Amendment activity.

58.  At all times pertinent hereto, the Defendants, Ms. Frechette and Mr. McGarrah, were acting under color of state law, are persons under the applicable law, and they were acting under color of state law while doing so when they made the decisions and/or participated in the adverse actions against the Plaintiff.

59.  The Defendants, Ms. Frechette and Mr. McGarrah, acted with malice against the Plaintiff and/or in reckless disregard of her clearly established rights under the First Amendment.

60.  As a direct and/or proximate result of the actions of the Defendants, Ms. Frechette and Mr. McGarrah, the Plaintiff has suffered the adverse actions set forth above. She suffered lost wages, benefits, and other tangible damages.  Plaintiff has also sustained emotional pain and suffering damages, loss of the capacity for the enjoyment of life, and other intangible damages. These losses have occurred in the past, are occurring at present, and are likely to continue on into the future.  Plaintiff is entitled to punitive damages against the Defendants, Ms. Frechette and Mr. McGarrah, under this count.

10

## COUNT III-FIRST AMENDMENT RETALIATION
### (Claim against the City of Tallahassee)

61.     Plaintiff realleges and incorporates by reference Paragraphs 1-41, as if set forth in their entirety herein.  This count sets forth a claim on behalf of the Plaintiff, Ms. Crawford, against the Defendant, the City of Tallahassee, for First Amendment retaliation, and is brought through 42 U.S.C. §1983. This count is pled in the alternative.

62.   The Defendant, the City of Tallahassee, operated to violate the Plaintiff's rights under the First Amendment. These violations were of a type and character as to which any reasonable person would be aware. The Plaintiff's rights to freedoms of speech and expression were violated. Public employees/contractors like the Plaintiff have the right to engage in First Amendment activities without the fear of reprisal.

63.   The Plaintiff, Ms. Crawford, as set forth in part above, engaged in constitutionally-protected activity by speaking on matters of public concern including, but not limited to, her participation in inquiries and investigations of race discrimination within the City and speaking out on safety matters that are of public concern to the citizens of the Defendant, the City of Tallahassee.

64.     After engaging in protected activity as related in part above, the Plaintiff was the victim of retaliatory actions as set forth in part above. The Defendant, the City of Tallahassee, infringed on the Plaintiff's constitutionally-protected interests under the First Amendment, as set forth in part above. The Defendant's, the City of Tallahassee's, actions, set forth in part above, were the types of retaliatory conduct that would deter a person of ordinary sensibilities from exercising his or her First Amendment rights.  The Plaintiff's protected activity was a substantial or motivating factor in the adverse actions taken against her.

65.   The Defendant, the City of Tallahassee, retaliated against the Plaintiff for her First

11

Amendment activity, as alleged herein, by taking adverse actions against her, as set forth in part above.

66. The Defendant, the City of Tallahassee, has deprived the Plaintiff of her rights to freedom of speech and expression, protected by the First Amendment.

67. The Defendant, the City of Tallahassee, is a person under the laws applicable to this action. The Defendant, the City of Tallahassee, is liable, jointly and severally, with the individual Defendants for its actions, individually and in concert, which violated the civil rights of the Plaintiff, Ms. Crawford, under the First Amendment.

68. The Defendant, the City of Tallahassee, misused its power, possessed by virtue of state law and made possible only because it was clothed with the authority of said state law. The violations of the Plaintiff's rights, as described herein above, occurred under color of state law and are actionable under 42 U.S.C. §1983.

69. The Defendants, Ms. Frechette and Mr. McGarrah, as well as the Defendant, the City of Tallahassee, personally participated in the actions adverse to the Plaintiff and/or in the decisions to engage in such actions, in violation of her rights to free speech and expression under the First Amendment.

70. One or more of the individually identified and named Defendants were final decision-makers in the actions taken against the Plaintiff, Mr. Crawford, complained of herein.

71. The Defendant, the City of Tallahassee, through the Defendants, Ms. Frechette and Mr. McGarrah, as well as other employees or agents, also failed to implement adequate hiring, retaining, staffing, training and/or supervisory procedures, as a direct result of which the Plaintiff's, Mr. Crawford's, First Amendment rights were violated.

72. One (1) or more of the Defendants, or Defendants' agents/representatives, had

12

final policymaking authority for the Defendant, the City of Tallahassee, and were responsible for hiring, retaining, staffing, training, and supervising other employees of the Defendant, the City of Tallahassee, and, when necessary, for investigating alleged wrongdoing by its employees and/or for recommending that Mr. Crawford be fired.  Alternatively, in the event it were determined that none of the Defendants and/or Defendants' agents/representatives, had final policymaking authority for the Defendant, the City of Tallahassee, one (1) or more, nonetheless, functioned as the final policymaker for the Defendant, the City of Tallahassee, in connection with the allegations herein, their decisions and actions having been rubber-stamped at all higher levels of authority.  Alternatively, the individually named Defendants were recommenders in the disciplinary action taken against the Plaintiff and thus acted as the final decisionmaker because of such recommender authority.

73.  The Defendant, the City of Tallahassee, after notice of the constitutional violations alleged herein, officially sanctioned the actions and refused to discipline its agents and employees, which sanction and refusal established a policy, by a final policymaker, that directly or indirectly resulted in violations of the Plaintiff's constitutional rights.

74.  Further, the Defendant, the City of Tallahassee, ratified the actions of its employees, including the actions of one (1) or more of the Defendants and/or the Defendants' agents/representatives, who acted adversely to the Plaintiff in retaliation for her exercise of First Amendment rights.

75.  When the Defendant, the City of Tallahassee, ratified one (1) or more of the Defendants' and/or the Defendants' agents/representatives actions adverse to the Plaintiff, Ms. Crawford, such adverse actions became the official policy of the Defendant, the City of Tallahassee, in retaliation for the Plaintiff's, Ms. Crawford's, exercise of the rights set forth above under the First Amendment.

13

76. The actions by and on behalf of the Defendant, the City of Tallahassee, set forth in this count were not unique events of the violations set forth herein. On information and belief, further similar events of wrongful actions on the part of Defendant, the City of Tallahassee, and/or its employees or agents have taken place, such events combining to determine a pattern of similar wrongful and illegal behavior.

77. As a direct and/or proximate result of the actions of the Defendant, the City of Tallahassee, the Plaintiff suffered the adverse actions set forth in part above. She suffered lost wages, benefits, and other tangible damages. The Plaintiff has also sustained emotional pain and suffering damages, loss of the capacity for the enjoyment of life, and other intangible damages. These losses have occurred in the past, are occurring at present, and are likely to continue on into the future.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays for the following relief:

(a)    that process issue and this Court take jurisdiction over this cause;

(b)    that this Court grant equitable relief against Defendants under the counts set forth above, mandating Defendants' obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c)    that this Court enter judgment against Defendants and for Plaintiff awarding damages to Plaintiff from Defendants for Defendants' violations of law enumerated herein;

(d)    that this Court enter judgment against Defendants and for Plaintiff permanently enjoining Defendants from future violations of law enumerated herein;

(e)    that this Court enter judgment against Defendants and for Plaintiff

14

awarding Plaintiff costs and attorneys' fees, as allowed by law;

       (f)     that this Court award Plaintiff interest as allowed by law; and

       (g)     that this Court grant such other and further relief as is just and proper

under the circumstances.

**DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury on all issues set forth herein which are so triable.

Dated this 27th day of November, 2017.

                Respectfully submitted:


                /s/ Marie A. Mattox
                Marie A. Mattox [FBN 0739685]
                **MARIE A. MATTOX, P. A.**
                310 East Bradford Road
                Tallahassee, FL 32303
                Telephone:  (850) 383-4800
                Facsimile:   (850) 383-4801

                /s/ Patrick R. Frank
                Patrick R. Frank [FBN 0642770]
                Keisha D. Rice [FBN 13888]
                **FRANK & RICE, P.A.**
                325 East Park Avenue
                Tallahassee, Florida 32301
                Telephone: (850) 629-4168
                Facsimile: (850) 629-4184

                **ATTORNEYS FOR PLAINTIFF**

15

# Exhibit B

**to**

**DEFENDANT'S NOTICE OF REMOVAL**

# Acceptance of Service

DENISE CRAWFORD v. CITY OF TALLAHASSEE, LEIGH ANNE FRECHETTE, Individually, and ROBERT McGARRAH, Individually,

USDC CASE NO:    4:18-cv-118
_____

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT
IN AND FOR LEON COUNTY, FLORIDA

**DENISE CRAWFORD,**

     **Plaintiff,**                           **CASE NO. 2017-CA-2443**

**v.**

**CITY OF TALLAHASSEE,**
**LEIGH ANNE FRECHETTE,**
**Individually, and ROBERT**
**McGARRAH, Individually,**

     **Defendants.**

_____/

## WAIVER AND ACCEPTANCE OF SERVICE

COMES NOW, Joseph V. Gardner as attorney for Defendants, City of Tallahassee, Leigh Anne Frechette and Robert E. McGarrah, hereby acknowledges receipt of the Complaint and Summons in this action, and in doing so accepts service of process of same and hereby specifically waives formal service of process by the Sheriff or other person duly authorized to serve process in the state of Florida.  By agreement of the parties, Defendants will file a response to the Complaint within twenty (20) days hereof.

Dated this 23rd day of February 2018.

                                           *s/ Joseph V. Gardner*_____
                                           JOSEPH V. GARDNER
                                           For the firm

# Exhibit C

**to**

**<u>DEFENDANT'S NOTICE OF REMOVAL</u>**

# Notice of Appearance

DENISE CRAWFORD v. CITY OF TALLAHASSEE, LEIGH ANNE FRECHETTE, Individually, and ROBERT McGARRAH, Individually,

USDC CASE NO:   4:18-cv-118
_____

# IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT
# IN AND FOR LEON COUNTY, FLORIDA

**DENISE CRAWFORD,**

      **Plaintiff,**

      **CASE NO. 2017-CA-2443**

**v.**

**CITY OF TALLAHASSEE,**
**LEIGH ANNE FRECHETTE,**
**Individually, and ROBERT**
**McGARRAH, Individually,**

      **Defendants.**
_____/

## NOTICE OF APPEARANCE

PLEASE TAKE NOTICE that the undersigned hereby notice the appearance of

Henry Buchanan, P.A., J. Steven Carter, Miriam R. Coles, Joseph V. Gardner and Edwin

R. Hudson, as counsel of record on behalf of Defendants, CITY OF TALLAHASSEE,

LEIGH ANNE FRECHETTE, Individually, and ROBERT McGARRAH, Individually.

The undersigned respectfully request inclusion with the party's service list respective to

this cause.

Dated this 23rd day of February 2018.

      HENRY BUCHANAN, P.A.

      *s/ Joseph V. Gardner*
      J. STEVEN CARTER
      Florida Bar No. 896152
      scarter@henryblaw.com
      MIRIAM R. COLES
      Florida Bar No. 58402
      mcoles@henryblaw.com
      JOSEPH V. GARDNER
      Florida Bar No. 111987

jgardner@henryblaw.com
EDWIN R. HUDSON
Florida Bar No. 355798
ehudson@henryblaw.com
Post Office Drawer 14079
Tallahassee, Florida 32317-4079
(850) 222-2920: Telephone
(850) 224-0034: Facsimile
*Counsel for Defendants:*
*CITY OF TALLAHASSEE,* LEIGH ANNE
FRECHETTE *and ROBERT McGARRAH*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been sent

via the Florida Courts E-filing System which will send electronic notification to all counsel

of record on this 23rd day of February 2018.

*s/ Joseph V. Gardner*
ATTORNEY